### FRANK TURNER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—531.]

**Hog Stealing—Incompetent Evidence.**

Where one is charged with hog stealing, and it is shown that the hog was found on the premises of the accused, and he shows that he said to several witnesses that it was not his hog but was a stray, it is not competent evidence for the state to bring a witness living near the accused, but with whom accused had not had any conversation, to testify that he had seen the hog running about the premises of the accused and that the accused "had not told him the hog was a stray."

APPEAL FROM MADISON CIRCUIT COURT.

December 9, 1882.

OPINION BY JUDGE HARGIS:

Frank Turner was an old colored man, and was indicted for the offense of hog stealing and sentenced to the penitentiary for a period of one year. From that judgment he has prosecuted this appeal, asking its reversal. Mr. Cobb lost a hog worth about $15 some time about Christmas. It was found in February on the appellant's premises, where it had been running out openly for a month or two.

During the time the appellant said to several witnesses that it was not his hog, but it was a stray, and on one occasion refused

to sell any hogs because he said he only had four, when in fact there were five on the premises, counting the hog which turned out to be Mr. Cobb's.

In February Mr. Cobb's son went to or was passing the old negro's place, saw the hog and asked him whose it was, and he responded that it was his and that he had raised it from a pig, but on being convinced that young Cobb's father owned the hog told him that he was only joking, it was all right and he could take it.

In order to rebut the old negro's declarations that it was not his, that it was a stray, Mr. McKinney was sworn and testified, against appellant's objections, that he lived in two or three hundred yards of the appellant and saw the hog running out on appellant's place during January and February with his hogs, but that the appellant "had not told him the hog was a stray." This evidence was excepted to, and very properly so because it was clearly incompetent. It does not appear that McKinney ever talked with him about the hog or said anything to him in regard to the hog or its ownership that required the appellant to speak or subject himself to an unfavorable admission by his silence, and we can not see the relevancy of this sort of evidence which could be adduced by everybody to whom the old negro did not go and explain the manner the hog came to be on his place.

Had it been shown that it was his legal duty to tell Mr. McKinney that the hog was a stray, then the latter's testimony would have been relevant, otherwise it was illegal.

It must be remembered that the appellant is an old negro, doubtless with a scanty cabin on a small or poor piece of land, with none of the social relationships to his white neighbors that beget so much of the concerns of one neighbor by another, and that, ignorant of books and his newly acquired duties as a citizen, he ought not to be held guilty of a felony because he omitted to tell one of his white neighbors that the hog was a stray.

Nor was he bound to post the hog or be condemned. While it would have been a fact in his favor had he posted it, we do not suppose he ever heard of the stray laws, much less know their purpose. Even if he did, the only effect of his failure to observe them was against his own interest and would prevent the title to the hog vesting in him after twelve months from the day of posting it. The stray laws are for the benefit of the taker-up of cattle

or those into whose premises they may break, and are only permissive; they contain no imperative requirement to post such cattle, and no inference of guilt can or ought to be drawn from a simple neglect to comply with their provisions, and the jury should have been so told, and especially should they have been so instructed in this case where innocence is almost as strongly proven as guilt.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*Smith & Mason, for appellant.*

*P. W. Hardin, for appellee.*